CROWLEY v. RAILROAD.

(*Knoxville.* November 9, 1901.)

DECLARATION. *Averments of, sufficiently certain, when.*

A declaration, in an action against a railway company for personal injuries, is sufficiently certain which avers that, on a particular day and near a particular place, the defendant did wrongfully and negligently run one of its engines and cars upon, against, and over "the plaintiff, who was without fault, bruising, injuring, and wounding him," without stating the time of day or night the accident occurred, or describing the train or direction it was running.

Cases cited: Railroad v. Pratt, 85 Tenn., 9; Railroad v. Davis, 104 Tenn., 442; Chattanooga Rapid Transit Co. v. Walton, 105 Tenn., 415; Railroad v. House, 96 Tenn., 552.

---

FROM HAMILTON.

---

Appeal in error from Circuit Court of Hamilton County. FLOYD ESTILL, J.

MURRAY & MURRAY, for Crowley.

HEAD & ANDERSON, for Railroad.

CALDWELL, J. The declaration in this case is as follows: "The plaintiff, Charles Crowley, a minor under the age of twenty-one years, by his next friend, Robert Crowley, sues the defendant, the Cin-

cinnati, New Orleans & Texas Pacific Railway Company, a corporation under the laws of the State of Ohio, duly in Court by summons, for the sum of two thousand dollars ($2,000) damages, upon the following state of facts: Upon the twenty-second day of June, 1900, the defendant was a railroad corporation, had been prior thereto and still is such, operating a line of railway from Cincinnati, Ohio, to New Orleans, Louisiana, a portion of which line of railway is located in Hamilton County, Tennessee, upon which line of railway it operated divers and many engines and cars, having in its service divers and many employees, when on the day and year aforesaid the defendant upon the line of railway near Harrison pike, in Hamilton County, Tennessee, did wrongfully and negligently run one of its engines and cars upon, against and over said Charles Crowley, who was, without fault on his part, bruising, injuring, and wounding him, causing him to suffer great pain of body and mental anguish, to pay out large sums of money for medicine and doctor's bill, and to be permanently injured to his damage as aforesaid.''

Defendant moved the Court ''to require the plaintiff to be more specific in the charge in the declaration as to the train, engine, or car which was run against him, and to set forth the particulars thereof.'' The Court sustained the motion, and '' ordered that the declaration set forth the time of day or night the accident occurred, the direction the

train was moving, or otherwise, and what train and such other particulars as to enable the defendant to prepare its defense." In response to that order the next friend filed an affidavit, in which he stated that he was not present when the injury was inflicted; that the plaintiff was under eight years of age, and could give him no definite information about it, and that for those reasons he was "wholly unable to make any statement with reference to what train did the injury, or the direction it was traveling;" that he was informed that "the injury occurred on the afternoon of the day mentioned in the declaration," but did not know that his information was correct. Thereupon the plaintiff moved the Court to vacate the order requiring amendment of the declaration. That motion was overruled, and, because of plaintiff's failure to comply with the order to amend, the declaration was stricken out, and the suit dismissed. The plaintiff appealed in error, and here seeks a reversal of the lower Court's action.

The learned judge was in error. No rule of pleading requires that a plaintiff, suing a railway company for personal injuries received in a collision with one of its trains shall declare the hour of the day in which the alleged wrong was done, or the direction in which the train was moving at the time, or which one of the defendant's trains caused the injuries. It is sufficient for the plaintiff to aver, as was done in this case, that on a particular day and near a particular place "the defendant did

wrongfully and negligently run one of its engines and cars upon, against, and over" the plaintiff, who was without fault, "bruising, injuring, and wounding him," etc. *Railroad Co.* v. *Pratt*, 85 Tenn., 9; *Railroad* v. *Davis*, 104 Tenn., 442; *Chattanooga Rapid Transit Co.* v. *Walton*, 105 Tenn., 415.

The reports of these cases show that in the first of them the plaintiff averred that on a certain day and in a certain county, without stating the hour or the particular place, the defendant wrongfully and negligently ran its engine and cars upon and against the plaintiff, without stating the direction or kind of train, and that in the other two cases it was averred that the defendant wrongfully and negligently ran its engine and cars upon and against, etc., without stating what particular train it was, or the direction of its movement.

Caruthers gives the following form of declaration for damages for running carriage of defendant against carriage of plaintiff, namely: "The plaintiff sues the defendant for one thousand dollars, as damages for forcibly, on the first day of June, 1859, driving a carriage against the plaintiff's carriage, in which he was riding along the public highway, whereby the plaintiff's carriage was broken, and the plaintiff was thrown out of it and wounded, and suffered therefrom great pain, and was disabled from attending to his business for a month, and was at great expense in endeavoring to be cured, and also in having the carriage repaired." History of Lawsuit, Sec. 159.

In that form, it will be observed, he states the time of the alleged wrong as "on the first day of June, 1859," the place as on "the public highway," and the defendant's vehicle as "a carriage," without giving the hour of the day, the exact point of the collision, the direction the defendant's carriage was going, or a description of his carriage.

In the second volume of Chitty on Pleadings (16th Am. Ed.), p. 576, that part of a declaration stating the cause of action against a railway company for negligently running a train against the plaintiff, is given in these words, viz.: "That the defendants were possessed of a railway locomotive engine and train of carriages attached thereto, and were, by their servants, driving and conducting the same upon a certain railway, and the plaintiff was lawfully crossing the said railway, and the defendants, by their servants, so negligently drove and conducted the said engine and train that thereby the same ran and were driven against the plaintiff and severely injured him."

Nothing is there averred as to the direction the colliding train was moving, nor as to any feature distinguishing that train from any other train of the defendants, nor as to the particular place of the collision.

In *Norfolk, etc., R. R. Co.* v. *Ormsby*, 27 Gratt. (Va.), 455, which was an action against a railway company for running over a young child, as here, the declaration of the plaintiff, which is made the

precedent for form 14384 in 13 Enc. of Forms, pp.: 47, 48, was in substance the same as that in this case, though less definite as to the *locus in quo.* Passing over the caption and suing part, that declaration is as follows: "For that whereas the defendants, before and at the time of the committing of the grievances hereinafter mentioned, to wit: On the thirtieth day of August, in the year 1869, were the owners of a certain railroad, to wit: of a railroad from the said city of Norfolk, which connects with the Southside Railroad at or near the city of Petersburg, and of certain engine and cars, then under the care and management of certain servants of the said defendants; nevertheless the said defendants by their said servants so carelessly, negligently, and improperly behaved and conducted themselves in and about the management, control, and direction of the said engine and cars, that the same, by and through the default, carelessness, negligence, and improper conduct of the said servants of the said defendants, then with great force and violence were driven and struck against the plaintiff, by means whereof the right arm of the plaintiff was so fractured and injured that it became necessary to amputate the same, and the said arm was thereupon amputated, and he was otherwise greatly wounded, bruised, and injured, and so remained for a long space of time; and also by means of the premises the plaintiff was so maimed as to be disabled for

the remainder of his life, to the damage of said plaintiff $50,000.''

There again are mentioned the day, but not the hour of the injury; the train complained of, but not its distinguishing features or direction; the railway on which it was operated, but not the colliding point.

In reference to the last of these matters, the place of collision, that declaration, like those quoted from Caruthers and Chitty, is far less specific than is the declaration before us.

It is worthy of remark, also, that no one of those three declarations particularizes the elements of negligence attributed to the defendant, but all of them state the act of negligence in general terms, as was done by this plaintiff.

Just what was meant by the concluding clause of the order, ''and such other particulars as will enable the defendant to prepare its defense,'' is not easily ascertained. If, as indicated in the argument of counsel, it was intended thereby to require the plaintiff to state whether or not the collision occurred at such a place and in such a movement of the train, that the defendant was not bound to observe the statutory precautions for the prevention of accidents (Shannon's Code, Sec. 1574, Subsec. 4), then the requirement was unauthorized, for the plaintiff was obliged by no rule of good pleading to aver the one alternative or the other. He need not, as to the *locus in quo* and as to the movement of

the train, have averred more than he did—that is, that "the defendant upon the (its) line of railway, near Harrison's Pike, in Hamilton County, Tennessee, did wrongfully and negligently run one of its engines and trains upon, against, and over" him. If the fact be that the train causing the injury was, at the time, in a yard of the company and engaged in switching, so as to preclude the application of those precautions (*Railroad* v. *House*, 96 Tenn., 552; *Railroad* v. *Abernathy*, 106 Tenn., 723), the defendant may get the benefit of it by proper plea and proof, but it was not incumbent on the plaintiff to affirm or negative such a fact in his declaration. Having filed a declaration, whose averments convey a reasonable certainty of meaning, and, by a fair and natural construction, show a substantial cause of action, he could not properly have been required to do more. Shannon's Code, § 4605.

This opinion controls the case of Robert Crowley, the father of this plaintiff, against the same defendant, for the loss he, the father, sustained by the injury to his son, the declaration in that case being almost a literal copy of that herein considered, and the rulings of the court below being the same.

Reverse both cases and remand for further proceedings.