## J. W. MAULDIN v. OTTO SCHWILL & COMPANY.

Western Section.    July 11, 1925.

Writ of Certiorari denied December 12, 1925.

1. **New trial. Juror telling in jury room of his own experience held misconduct such as to warrant a new trial.**
   In an action to recover damage for personal injuries caused by slipping and falling on a ramp in front of defendant's store, where two jurors told the jury while they were considering their verdict that they had slipped and fallen on the ramp, **held** misconduct sufficient to warrant the granting of a new trial.

2. **New trial. Misconduct of jury distinguished from disqualification of juror and held not waived.**
   Disqualification of juror should be found out before trial and if it is not is waived, but misconduct in the jury room can not be discovered until after verdict and if brought to attention of court is not waived.

3. Trial. Instructions. All the charge of the court must be considered in determining if a part is erroneous.

Although a part of the charge may be defective in form, if upon an examination of the whole charge it is found the jury was properly charged the case will not be reversed.

4. Evidence. Experiment to show conditio_ of ramp not competent unless ramp is in same condition as at time of accident.

In an action to recover damages for personal injuries caused by slipping and falling on ramp in front of defendant's store, evidence of experiments to show the condition of ramp, held admissible since it was shown that ramp was in substantially same condition at time of experiment as at time of accident.

5. New trial. No substantial evidence of misconduct of jury.

Evidence examined and held not to sustain charge that there was misconduct on part of jury.

6. Appeal and error. Assignment of error must point out wherein charge is erroneous.

Where assignment of error complains of the charge of the court as being erroneous but does not set out the charge or point out wherein it is erroneous it will not be considered by the appellate court.

7. Appeal and error. The exclusion of immaterial evidence is not reversible error.

In order to be the basis of assignment of error, excluded testimony must be such as might reasonably be expected to affect the verdict of the jury.

Appeal in Error from Circuit Court, Shelby County; Hon. J. P. Young, Judge.

Affirmed.

Edgar Webster, of Memphis, for appellant.

M. E. Lesser, of Memphis, for appellee.

HEISKELL, J. Mauldin, the plaintiff, sued the defendant Otto Schwill & Co. for damages for injuries sustained by the plaintiff, as the result of a fall alleged to have been caused by the negligent construction or maintenance of a ramp in front of the place of business of the defendant in the city of Memphis. This ramp is described by the photograph, Exhibit 4, to testimony of E. L. Meaders, Tr. 953, much better than it can be described verbally.

The city of Memphis was joined as defendant, but at the conclusion of the first trial, was eliminated and since then the case has proceeded against Otto Schwill & Co. alone.

. There have been five trials of the case. At the first trial the judge declared a mistrial and discharged the jury because counsel for the plaintiff, in referring to an authority, stated the amount of the verdict rendered.

On the second trial, after deliberating three days, the jury could not agree and a mistrial was entered.

On the third trial the jury returned a verdict for $4150, which was set aside by the court for misconduct on the part of the jury.

The fourth trial resulted in a verdict for plaintiff of $5500, which was also set aside by the judge on the ground of misconduct of the jury.

The fifth trial resulted in a verdict for the defendant.

The case is now before this court in a double aspect. On the fourth trial the plaintiff excepted to the action of the trial judge in setting aside the verdict, prepared and filed a wayside bill of exceptions, and was granted an appeal for the purpose of testing the correctness of the ruling of the trial judge in setting aside that verdict. From the action of the trial court in refusing to grant a new trial and from the verdict in favor of defendant on the fifth trial the plaintiff has appealed and assigned errors.

The wayside bill of exceptions taken on the fourth trial shows that the trial judge set aside the verdict in favor of the plaintiff and granted a new trial on the sole ground of misconduct on the part of the jury, and the question presented on this branch of the present appeal to this court is whether or not the trial judge in said action, committed error.

The assignments of error on this wayside bill of exceptions are as follows:

"The court erred in setting aside the verdict of the jury for $5,500 and awarding a new trial on the first ground set out in defendant's motion for a new trial because;

1. Neither the defendant nor its counsel alleged in the motion for a new trial or proved on the hearing thereof, that they were ignorant of the disqualifications of these two jurors, their experiences, or that they did not learn of this alleged disqualification or misconduct prior to the rendition of the verdict.

2. The alleged statement of these jurors, under the circumstances and in view of the rebuke which was administered to them, tended to prejudice the plaintiff's cause, and could not, therefore, and did not tend to prejudice defendant.

3. Defendant and its counsel waived the disqualification of these two jurors by accepting them, knowing that they had walked upon this ramp and they knew, or should have known, that in so doing, these jurors had passed over it with an accident or without an accident; and had they exercised due diligence, they could have ascertained whether they had slipped in front of the store or not. Failing to do so, accepting them without objection, without interrogating them as to what experiences they had had in passing over it and apparently seeking men on the jury who had walked upon this ramp, having thereby

paved the way and opened the door for the happening of the very thing which did occur and which was naturally expected to happen; and, under such circumstances, they, having failed to exercise the right to interrogate them and challenge them, the defendant and its counsel gambled with the impressions which they had and the consequences of their disqualification and can not now complain.''

These assignments may be abbreviated thus:

1. The alleged misconduct of the jury was not such as to warrant the judge in setting aside the verdict.

2. If it was, it was waived.

3. The motion for a new trial should not have been entertained because the defendant did not state and show ignorance of the misconduct prior to the verdict.

The alleged misconduct was this: The plaintiff had fallen and was badly injured as he came out of the store of defendant. He insisted that he slipped upon the ramp which was steeper than the rest of the pavement. One question was whether or not the ramp was slick and this seems to have been under discussion by the jury and Slocum, one of the jurors, said it was slick, because two men on the jury had slipped there. Being pressed by the other jurors he gave the names of Banks and Northcross and these jurors admitted in the presence of the jury that they had at some time slipped in front of this store, whether on the ramp or not is not clear. The other jurors reprimanded them and all said that must not affect the verdict.

We think this constituted evidence before the jury on a material point in the case, by witnesses who could not be cross-examined by defendant, and was sufficient, under the authorities to justify the trial judge in setting aside the verdict for misconduct of the jury. Wade v. Ordway, 1 Bax., 229; Booby v. The State, 4 Yerg., 110; Sam v. The State, 1 Swan, 60; Dodston v. The State, 6 Hum., 275; Whitmore v. Ball, 9 Lea, 34; Nite v. The State, 9 Lea, 693; Ryan v. The State, 13 Pick., 205; Forsythe v. Mfg. Co. 103, Tenn., 498; Bobilio v. Webb, 7 Higgins, 127.

Was defendant precluded from insisting on a new trial for this misconduct because of waiver or failure to state and show that he did not know about it until after the verdict was rendered? The motion for a new trial does not so state and there is no direct evidence that the defendant notified the court as soon as apprised of the misconduct. There is proof, however, that the misconduct did not occur until the afternoon before the verdict was rendered next morning. Of course, counsel could not have learned of what took place in the jury room prior to the verdict, except by more misconduct. The proof shows that Carruthers informed counsel for

defendant, after the verdict, and this information was made the basis of the motion.. It thus appears more satisfactorily than from the mere assertion of the defendant, that the matter was brought to the attention of the court with all necessary promptness.

The authorities cited by counsel for plaintiff in this connection are all upon the subject of disqualification of jurors and not of misconduct in the jury room. The one necessarily exists before the trial and should be found out, or it is waived. The other takes place during the trial and ordinarily is not known until after the verdict. The case of Irvine v. The State, 104 Tenn., 144, shows the distinction between a juror possessing knowledge of facts, which he did not disclose to the jury, and disclosing facts to the jury not brought out on the trial. One would disqualify the juror. The other would be misconduct in the jury room. The one would be waived by not objecting to the juror when tendered. The other in the nature of the case would be found out after the verdict and could not be set up sooner.

Under the circumstances of this case the objection urged is almost a naked technicality. The assignments of error based upon the wayside bill of exceptions are all overruled and the court refuses to reinstate the verdict rendered on the fourth trial.

This brings us to the consideration of the assignments of error based on the bill of exceptions in the fifth trial, in which the plaintiff appeals from the verdict in favor of the defendant. These assignments are as follows:

The court erred in failing and refusing to set aside the verdict of the jury and award a new trial because:

## I.

The verdict of the jury is contrary to the law in the case.

## II.

The verdict of the jury, judgment of the court is contrary to the weight and preponderance of the evidence introduced in the trial of the cause.

## III.

The court erred in failing and refusing to allow the witness, Northcross, to testify that prior to Mauldin's accident, he had slipped in front of the defendant's store.

## IV.

The court erred in failing and refusing to allow Mr. Hurley to testify that prior to the time the plaintiff fell, he too slipped on the north side of the ramp.

## V.

The court erred in failing to embody in his instructions to the jury a statement of the law to the effect that the construction of the ramp on top of the sidewalk was in violation of the city ordinance because the uncontradicted evidence was that this ramp was seven times as steep as the sidewalk specifications and the court should have instructed the jury that the construction of this ramp in this manner is a violation of the city ordinance.

## VI.

The court erred in allowing Mr. Bricknell to testify that he had visited the ramp about twenty months after the accident and made an experiment; that he had taken a running start and tried to skate on it and didn't.

## VII.

The court erred in allowing Charles Miller to testify that during the very week of the trial, which was more than three years after the accident, he had made experiments on the ramp, had jumped and hopped about upon it, trying to slip and couldn't.

## VIII.

The court erred in his statement of the law given to the jury at pages 876-77-78-79 of the record. 'This instruction took from the jury a decision on the question whether the ramp was a nuisance as then maintained. One count in the declaration alleged that it was a nuisance and the jury was instructed that they could not consider what had happened or might happen to a person, walking upon the sidewalk. The ramp was built upon the sidewalk and, being so built, the sidewalk was subjected to an additional easement. And, if the traffic north and south on this sidewalk was obstructed, in any manner or if it hindered or delayed a pedestrian walking in that direction, it was allowed to remain in violation of the duties owing to the public in public streets.

## IX.

The court erred in failing and refusing to set aside the verdict obtained, because one Severs had been tampered with and received information outside of the court room from some person apparently interested in the outcome of the lawsuit and this was contrary to law.

### X.

While the jury was out deliberating, some person apparently interested tampered with two of the other jurors in an effort to induce them to return a verdict one way or the other.

### XI.

The court erred in giving the instruction set out at page 872 of the record, the same being a special request.

Of these assignments we will reserve III and IV until the last.

Assignments I and II are overruled. They are insufficient both in form and substance.

Assignments V and VIII. The portions of the charge of the court complained of in these assignments must be considered in connection with the rest of the charge. At pages 860-861 of the transcript we find the court charged the jury, after explaining the city ordinance invoked by the plaintiff:

"The court instructs you that a violation of such ordinance followed by an accident and injury to a customer coming into the store, would be negligence per se, or negligence of itself and would render the defendant liable provided the negligence of the defendant in maintaining or failing (sic) such approach to the store in accordance with the terms of the ordinance was the proximate cause of the accident, and about this you will be instructed further as we go along in the charge."

"And the court finally instructs you that to erect or construct upon an abutting sidewalk a ramp or passway for the sole benefit of the defendant company, to be used to aid in trucking freight or commodities into its storehouse or make it more accessible to customers, in violation of the common law rule forbidding same, would be negligence per se and would render the defendant company liable for any accident or injury to a customer provided such violation proximately caused the accident, even though the construction of the ramp was authorized by the city authorities. . . ."

As to the fifth assignment there is nothing to show that any further charge was requested or any objection made to the charge as given.

The eighth assignment is perhaps defective in form but passing that and looking at the charge referred to at pages 876-879 Tr., the judge did charge that the jury should not consider whether the ramp was a nuisance to one using the street in a different way from plaintiff. Suppose it was conceded to be a nuisance, this would not constitute ground for recovery unless it was the proximate cause of the injury to plaintiff. The fact that it was a

nuisance would not render the defendant liable to any one hurt elsewhere as on the opposite side of the street or on the level part of the street in front of defendant's place of business. In other words, the fact that it was a nuisance should be considered only in connection with the question whether it being a nuisance caused the specific injury.

No error can be predicated upon the action of the trial court referred to in the fifth and eighth assignments and they are overruled.

Assignments VI and VII. Proof of these experiments is competent provided the ramp was in the same condition at the time of the experiments as at the time of the accident to the plaintiff, not otherwise.

The proof shows that the ramp was in the same condition; several witnesses so testify, and besides the plaintiff offered evidence remote as to time of the accident on the theory that the condition was the same. After offering such proof he cannot complain of opposing evidence of the same nature. Jones on Evidence, Sec. 172. These assignments are overruled.

Assignments IX and X. The charges of misconduct referred to in these assignments are not borne out by the record. One or two jurors testify in a vague and indefinite way, indicating that some misconduct may have taken place, but the other jurors, including the one to whom the misconduct is ascribed, or through whom it occurred, deny that any such thing happened. We think the trial judge was correct in holding the proof insufficient and in overruling the motion for new trial on this ground.

Assignment XI is insufficient in form (1) in not setting out the charge complained of; (2) in not pointing out wherein said charge is erroneous. Besides, upon reading the charge as referred to in the transcript, we think it a fair and proper request and not subject to objection.

This leaves for consideration assignments III and IV. Both of these assignments are insufficient in form (1) in that they do not set out the evidence excluded, and (2) in that they do not point out wherein the exclusion was error. Waiving this, however, we will discuss the assignments separately.

Assignment III. This assignment complains of the exclusion of Northcross' testimony that he slipped in front of defendant's store prior to Mauldin's accident. We can not find in the record where Northcross was offered as a witness at the last trial. The pages referred to in this assignment (pages 279 and 285) contain testimony by the plaintiff himself. On page 183 of the record (part of Wayside Bill of Exceptions) Northcross was introduced and testified.

"Q. You don't know where you slipped on this ramp? A. No sir.

"Q. (By the court) Do you know what part you slipped on?
A. After coming somewhere out of the store, in front of the store,
on front of Otto Schwill's store, and I couldn't tell the place now,
because . . . when a man slips he looks up to see if anybody is
laughing at him."

Taking either the statement in the assignment or the testimony
above referred to, the statement is insufficient, as it does not show
that the witness slipped on or because of the ramp. This assign-
ment should be overruled.

Assignment IV. This assignment complains of the exclusion of
the testimony of Hurley, that he slipped and fell on the north side
of the ramp. The pages referred to in the assignment (pp. 280-281)
contain testimony of the plaintiff himself.

However, Hurley was offered as a witness and testified in the
absence of the jury as follows:

"A. Well, I was coming out,—I could not tell the exact date,
but I was coming out and turned north and slipped up,—fell

. . .

"Q. (By the court) Were you north of the column in the center
of the sill that divides the two doors? A. Yes, sir.

"The court: Well, that is incompetent." (Record, p. 481.)

The witness does not state that he slipped on the ramp, or because
of the ramp.

Waiving the insufficiency of the assignment and finding the
testimony referred to by searching the record, we are of the opinion
that the trial judge entertained an erroneous idea in regard to this
question of evidence in that he considered no proof as to slipping
on the north part of the ramp competent. The proof shows the
slope about the same north and south of the post and that the south
part was rather slicker than the other. We cannot see why it was
not competent to show that customers were wont to slip on the
less slick part of the ramp. However, error cannot be predicated
upon the state of mind of the trial judge, no matter how erroneous
his psychological condition may be, and the record does not show
that this witness Hurley offered to testify to anything competent.
If he had said in the absence of the jury that he slipped on the
north part of the ramp or on account of the ramp, and the judge
had excluded the evidence on the ground that it did not relate to
the south part of the ramp, it would have been error, but the witness
did not offer any such testimony, therefore, no competent evidence
was excluded.

Again, if we concede the competency of the evidence tendered
and therefore that the trial judge ruled erroneously, still we do
not think the proof of Hurley or Northcross sufficiently definite
to be of material probative value or such as might reasonably have

affected the verdict of the jury, if admitted.  If the witness had stated that as he came down the ramp he slipped, or because of the slope or condition of the ramp he slipped, or even that he slipped on the ramp, it might have been of material value.  But testimony that he came out of the store and turned north and then slipped indicates that the witness might have passed off the ramp on to the other part of the sidewalk before he slipped.  Northcross was even more indefinite as he did not know where he slipped, except that it was somewhere in front of the defendant's store.

In order to be the basis of assignment of error, excluded testimony must be such as might reasonably be expected to affect the verdict of the jury.  Penn. R. Co. v. Naive, 121 Tenn., 239; Davis v. Davis, 6 Lea, 543; Douglass v. Neil, 7 Heis., 437.

It results that all assignments of error must be overruled.  We find no error in the action of the trial court, and the case is affirmed. Plaintiff will pay the costs.

Owen and Clark, JJ., concur.