WALKUP v. COVINGTON.—73 S. W. (2d) 718.

Middle Section.  December 2, 1933.

Petition for Certiorari denied by Supreme Court, July 14, 1934.

Samuel N. Harwood, of Nashville, for plaintiff in error, Walkup.

Walker & Hooker, of Nashville, for defendant in error administrator.

CROWNOVER, J. This action for damages was brought by the administrator for the wrongful death of his intestate, Morris R. Covington, a three year old boy, who was run over and killed by the automobile of defendant W. O. Walkup.

The declaration contained two counts, the first a common-law count, and the second charging a violation of a city ordinance providing that operators of motor vehicles shall keep as near the right hand curb as possible.

In the first count plaintiff states the facts upon which he seeks to predicate his cause of action as follows:

"The plaintiff Roy L. Covington, Administrator of the estate of Morris R. Covington, deceased, his Letters of Administration being here to the Court shown, sues the defendant W. O. Walkup, for Twenty Thousand Dollars ($20,000) damages, and for cause of action states to the Court:

"Plaintiff as aforesaid is the Administrator of said Morris R. Covington, who was plaintiff's son and was three years and two months of age at the time he was wrongfully and unlawfully killed by the defendant W. O. Walkup on June 18, 1930.

"Buchanan Street is a wide, smooth, and well kept street, and extends generally east and west within the corporate limits of the City of Nashville, in the northern part thereof.

"On the day and date aforesaid plaintiff's intestate was standing on the south side of said Buchanan Street, dressed in a white suit, and was in clear, plain, open and unobstructed view of automobile operators driving automobiles or trucks proceeding on said Buchanan Street towards the west, and as plaintiff's intestate was thus standing on the south side or left-hand side of Buchanan Street as the defendant was proceeding westward, it was the duty of the defendant to keep a proper lookout ahead, but unmindful of his duty in the premises the defendant failed to so keep a proper lookout ahead and, as aforesaid, with said child in clear, plain, open and unobstructed view of the defendant he unlawfully, wrongfully and negligently drove his said automobile truck upon, over and against plaintiff's intestate, wounding, mashing, crushing and so injuring him that after suffering great pain and agony for several minutes he died, leaving surviving him, as his heirs at law, the plaintiff, Roy L. Covington, his father, and Maude Covington, his mother.

"Wherefore plaintiff sues the defendant and demands a jury to try his cause."

The defendant pleaded not guilty.

The case was tried by the judge and a jury. At the conclusion of all the evidence defendant moved the court for a directed verdict, which motion was overruled. The jury returned a verdict for $7,-500 in favor of the administrator and against the defendant.

Motions for a new trial and in arrest of judgment having been overruled, defendant appealed in error to this court and has assigned thirty-four errors, which are, in substance, as follows:

(1) There is no evidence to sustain the verdict, and the court erred in refusing to direct a verdict.

(2) The parents of the child, the beneficiaries of this suit, were guilty of such contributory negligence as would as a matter of law bar their recovery.

(3) The court erred in refusing to charge defendant's special requests as to the burden of proof of contributory negligence.

(4) The court erred in charging the jury as to burden of proof of contributory negligence.

(5) The court erred in charging the jury as to what defendant should have done to prevent the accident.

(6) The court erred in charging the jury that the city ordinance relied on by plaintiff was intended for the protection of pedestrians and the violation of same was an act of negligence.

(7) The court erred in failing to sustain defendant's motion for a directed verdict, because:

(a) The declaration does not state a cause of action.

(b) The declaration does not aver that plaintiff's intestate left surviving him any heirs at law, or beneficiaries, who are entitled to a recovery for his death.

(c) The summons does not state the names of the beneficiaries.

(d) The declaration does not aver the pecuniary value of the life of the child.

(e) The proof shows his death was instantaneous, therefore there can be no recovery.

The deceased, Morris R. Covington, a three year old boy, was run down and killed by an automobile owned and driven by the defendant, W. O. Walkup.

The little boy was standing in Buchanan Street, about four feet south of the center of the street. W. O. Walkup was driving west on Buchanan Street and ran over the child on his (Walkup's) left side of the street.

Buchanan Street, in the city of Nashville, is a smooth, macadam street, thirty-one feet six inches wide, and extends generally east and west. At the point where the accident occurred it is straight; for a distance of at least two blocks from Delta Avenue to Ninth

Avenue, it is straight and is slightly upgrade towards the west, the direction in which the defendant Walkup was driving.

There is not much traffic on the street, and at this time there was no other automobile in sight with the exception of a car parked on the north side of the street about twenty feet east of the point where the child was struck.

It was 5 o'clock in the afternoon in June and a clear, bright day.

Mr. and Mrs. Covington lived on Delta Avenue, which intersects Buchanan Street. Ninth Avenue also intersects Buchanan Street and is two blocks west of Delta. At Ninth Avenue, Buchanan Street makes a turn towards the north. On the afternoon of June 18, 1930, Mrs. Covington, her daughter, Helen, twelve years of age, and the little boy, Morris, went to visit Mrs. Covington's brother, T. F. Harris, who lived on the southwest corner of Buchanan Street and Ninth Avenue. When they were leaving the Harris home, Mrs. Covington stopped in front on the sidewalk and was standing, talking to her sister-in-law. The little boy wanted to go to the filling station where his father was, so his mother permitted him and his sister, Helen, to go together. The filling station is on Buchanan Street, between Ninth Avenue and Delta Avenue, a short distance east of Ninth Avenue, in view of Mrs. Covington as she stood in front of her brother's house.

Helen and Morris crossed Buchanan Street at Ninth Avenue and proceeded in an easterly direction on the north side of Buchanan Street, with Helen holding the child's hand, to the filling station. Mr. Covington was inside the station and did not know that they had come. The boy then wanted to go across the street to Mr. Marsh's residence where he thought a dog was being sheared. Helen walked to about the middle of Buchanan Street with the little boy and then went back to the sidewalk in front of the filling station. The little boy stopped about four feet south of the center of the street and was standing there when defendant Walkup's automobile, traveling west, struck him. He was struck by the front of the automobile and knocked down and run over, and died shortly thereafter, before he could be carried to the hospital.

Skid marks were on the south or left hand side of the street, about six feet long.

The theory of the defendant was that he was traveling in the center of the street at the rate of eight or ten miles an hour; that the boy left the north side of the street, running across the street; that he suddenly appeared in front of his automobile; that he did not have time to sound his horn but threw on brakes and stopped his car within its length; that he had turned to his left to go around the car parked at the north curb; and that he did not see the boy on account of the parked car until he came out into the street.

It is insisted by the plaintiff that defendant's assignments of errors do not conform to the rules of this court, in that the record is not cited and there are no citations of authorities or any reasons given why the court erred, and the assignments do not assign as error the action of the trial court in granting or overruling the motion for a new trial, therefore they should not be considered by this court.

In this case we think that counsel did not strictly comply with the rules of our court with respect to citing the record and law on the many assignments of errors. A long statement of the facts of this case is made in the brief, in which he cites the record, before he sets out his assignments of errors, which statement is almost as full as the record. Counsel does not confine himself in the statement to facts material to the issue. And he does not follow up his assignments by argument of the facts, citing the particular places of the record relied upon. For this reason he does not comply with the rules of our court, and it is almost as hard to find the facts recited in his statement as it is to find them in the record. We think the better practice is for counsel to make a brief statement of the material facts of the case, then set out his assignments of errors briefly and with as much precision as he would in making a motion for a new trial in a law case, and then take up each error separately and argue the facts and law with respect to it, giving appropriate citations to the record and to the law relied upon. This would save the court much work. The object of a brief is to aid the court. In this case there are many assignments of errors both as to law and as to facts, and if counsel had followed the procedure herein pointed out the court would have been saved much labor. However, we do not hold that the assignments are fatally defective as they are aided by the citations in the statement of the case.

As to the insistence of plaintiff that defendant's assignments do not conform to the rules of this court in that they do not assign as error the action of the trial court in overruling the motion for a new trial, we have heretofore held that assignments of errors are not defective because of this omission. Petway v. Hoover, 12 Tenn. App., 618; Phillips v. Johns, 12 Tenn. App., 354; Louisville & Nashville Railroad Co. v. Evins, 13 Tenn. App., 57.

1. There is evidence that the little boy was standing in the street on the south side; that there were no automobiles in sight except defendant's and he was traveling west; that there was obstruction to his view of the child for eighteen to seventy feet. Defendant was evidently not keeping a lookout ahead and the killing of the child was the result of his negligence.

It is undisputed that the automobile stopped within its length and was on its left-hand side of the street when it came to a full stop.

The child's standing in the street was not the proximate cause

of the accident. 1 Blashfield's Cyclopedia of Automobile Law, 614, 987.

"A pedestrian may assume, in the absence of anything indicating the contrary, that a motorist will not approach on the wrong side of the street. . . . 2 Blashfield's Cyclopedia of Automobile Law, 1016, 1017, and note 33." Elmore v. Thompson, 14 Tenn. App., 100; Union Transfer Co. v. Mary Finch, 16 Tenn. App., 293, 64 S. W. 222.

"In order to defeat plaintiff's recovery his negligence must have not only contributed to his injuries, but it must have contributed thereto as a proximate cause, and not as a remote cause or mere condition." Elmore v. Thompson, 14 Tenn. App., 100.

Defendant contends that the child ran out into the street in front of his car and he was unable to stop before striking him, but there is evidence that the child was standing on the south side of the street, which evidence the jury believed.

There is material evidence that defendant was guilty of the negligent conduct with which he is charged in both counts of the declaration. It is shown by defendant's witnesses, who were sitting in the parked automobile, that it was parked about twenty feet east of the point where the boy left the sidewalk, and that the parked automobile was about five and one-half feet wide. This left a space of eleven feet between it and the center of the street, and if the child had left the north side of the street and run across as contended, the defendant Walkup's automobile would have been fifteen or twenty feet away from the child with no obstruction between them. According to defendant's theory the little boy ran nineteen feet while the automobile traveled about twenty feet.

However, there is material evidence to support the verdict of the jury.

"Where the evidence as to the cause of the injury resulting in death or as to the cause of death is conflicting or doubtful, the question is one for the jury; and a substantial conflict in the testimony as to such cause will likewise warrant the court in refusing to disturb the findings of the jury." 17 C. J., 1311, sec. 179.

■ ■ 2. It has been held in Tennessee that a very young child of the age of three or four years cannot, as a matter of law, be guilty of contributory negligence. Whirley v. Whiteman, 1 Head, 610; Bamberger v. Citizens' St. Ry. Co., 95 Tenn., 18, 31 S. W., 163, 28 L. R. A., 486, 49 Am. St. Rep., 909; Crescent Amusement Co. v. Byrne, 3 Tenn. App., 425; Taylor v. Robertson, 12 Tenn. App., 320.

But there was evidence that the little boy was not negligent. He was standing on the south side of the street and there were no vehicles in sight except that of defendant, and if the child had had sufficient mental capacity to appreciate the situation, he would have had a right to assume that the driver would go on the right side of the street. Union Transfer Co. v. Mary Finch, supra.

Even if the child's parents had been guilty of negligence in allowing him to be on the streets accompanied only by his twelve year old sister, if the child himself was not guilty of any act or omission which would have constituted negligence in an adult in full possession of all his faculties, the negligent act of the child's parents was not the cause of the accident. Abraham Solomon v. Hugh Farmer, Adm'r, Hamilton Law, Opinion of Faw, P. J., filed in Nashville, 1923,

The evidence did not establish contributory negligence on the part of the child's parents as a matter of law. Whether the child's custodian, his mother, was guilty of contributory negligence, was a question of fact for the jury. The question was submitted to the jury on a proper charge. Hines v. Partridge, 144 Tenn., 219, 233, 231 S. W., 16; Hall Grocery Co. v. Wall, 13 Tenn. App., 203, 209; Collins v. Desmond, 1 Tenn. App., 54, 60.

3. Defendant's third assignment of error is that the judge erred in refusing to charge his special request as to the burden of proof of contributory negligence. This assignment is not well made and must be overruled for two reasons. Defendant stated to the court in the presence of the jury the substance of this request, which was apparently adopted by the court. The judge then asked defendant's attorney to file a written request, which he failed to do, and no further action was taken, hence this assignment must be overruled. Rhoton v. Burton, 2 Tenn. App., 164; Taylor v. Robertson, 12 Tenn. App., 320. The fact that a request is copied into the motion for a new trial is not sufficient as the motion is merely a pleading. Hood v. Grooms, 4 Tenn. App., 515.

4 and 5. Defendant's fourth and fifth assignments complain of portions of the judge's charge, but the paragraphs complained of are not set out in the assignments. Assignments of errors complaining of the charge of the trial court that do not set out the charge and point out wherein it is erroneous will not be considered by an appellate court. Mauldin v. Schwill & Co., 1 Tenn. App., 347.

6. Defendant in his sixth assignment contends that the city ordinance requiring that "a vehicle, except when a vehicle ahead, shall keep as near the right-hand curb as possible," was not intended for the protection of pedestrians. It has been held in a number of cases in Tennessee that this ordinance was passed for the protection of pedestrians (so that they may know where too look for vehicles) as well as for persons traveling in vehicles. Elmore v. Thompson, 14 Tenn. App., 95, 96; Union Transfer Co. v. Finch, supra; Power Packing Co. v. Borum, 8 Tenn. App., 162, 166.

7. (a) Defendant contends that the declaration of plaintiff does not state a cause of action. This assignment is not well made. The declaration, hereinabove set out, avers that defendant failed to keep a lookout ahead and negligently drove his automobile over plaintiff's intestate while he was on the south side of the street in

plain view of him. The declaration avers facts, which if true, made a case of negligence. Smithson's Civil Procedure, 301, 302, sec. 141a; Crowley v. Railroad, 108 Tenn., 74, 80, 65 S. W., 411.

(b) In the declaration it was averred that the boy left a father and mother surviving him; and under the provisions of chapter 50 of the Public Acts of 1923, if this judgment is affirmed the benefits will go in equal shares to the father and mother.

"The personal estate as to which any person dies intestate, after the payment of the debts and charges against the estate, shall be distributed as follows: . . .

"(4) If no children, to the father and mother in equal parts. . . ." Shannon's Code, sec. 4172(4), amended by chapter 50 of the Public Acts of 1923; Highland Coal & Lumber Co. v. Cravens, 8 Tenn. App., 419.

Section 4025 of Shannon's Code, relied on by defendant, relates alone to the manner of bringing suit—to the right of action. It does not control the disposition of the recovery. Throgmorton v. Oliver, 144 Tenn., 282, 288, 230 S. W., 967.

(c) Another assignment of error is that the trial judge erred in overruling his motion for a directed verdict and motion for a new trial because "the beneficiaries are not shown in the summons sued out herein."

The parent may not sue individually for the wrongful death of a minor child, but the suit may be amended by substituting the administrator. Whitson v. Railroad, 163 Tenn., 35, 40 S. W. (2d), 396.

Omission to name the beneficiaries in the summons was not assigned as error in the motion for a new trial or in the motion in arrest of judgment. If there be error or defect in the process it must be objected to in limine, and such error or defect is cured by an appearance of the parties, not challenging the defect. Cheatham v. Hodges, Peck, 177; 20 Ency. of Pleading & Practice, 1184. Such defect in summons is cured by verdict where no motion in arrest of judgment is made on this account. Nashville & St. L. Railroad v. Davis, 127 Tenn., 167, 154 S. W., 530.

However, the summons is sufficient without stating therein the names of the beneficiaries. Smithson's Civil Procedure, 202, 203. sec. 31; Love v. Southern Ry. Co., 108 Tenn., 104, 65 S. W., 475, 55 L. R. A., 471.

(d) Defendant assigns that the trial judge erred in overruling his motion for a new trial and his motion for a directed verdict on the grounds that the declaration should aver the pecuniary loss which the plaintiff intended to prove upon the trial, and there is no such averment in the declaration, and there is no proof in the record of any pecuniary loss to the beneficiaries.

The plaintiff is entitled to recover the pecuniary value of the life

of the deceased. Davidson Benedict Co. v. Severson, 109 Tenn., 572, 614, 615, 72 S. W., 967, 977. It is not necessary that the averment of loss of services be made in the declaration, as the law presumes pecuniary loss to the parents of a minor child and proof thereof is not required. 17 C. J., p. 1290, sec. 147; p. 1352, sec. 237. And the administrator is entitled to recover whether the child resides with the parent or the parent actually receives the services of the child. In fact he is entitled to recover even where the parents have abandoned the child. Heggie v. Barley, 5 Tenn. Civ. App. (5 Higgins), 78; Potts v. Leigh, 15 Tenn. App., 1.

In this case it was proven that the child was three years of age, in good health, and a well-developed, normal child. All that is required is that plaintiff furnish facts and data as a basis from which the jury may approximate the proper amount of damages with reasonable certainty. 17 C. J., 1365, sec. 258.

In the case Heggie v. Barley, supra, the Court of Civil Appeals held that the administrator was entitled to recover damages for the death of a child three years and five months of age, and held that the trial court did not commit error in charging the jury that the plaintiff was entitled to recover " 'such an amount as would compensate him for the life of the child,' in fixing which amount the jury should take into consideration the mental and physical suffering, and look to the age of the child, its expectancy in life, and 'fix such a sum as would represent the money value of the child.' "

Our Supreme Court, in the case of Davidson Benedict Co. v. Severson, supra, said:

"At last it is a matter dependent most largely upon the judgment of the jury, and their sound discretion, after carefully, honestly and fairly considering all of the various elements that enter into the question."

Hence we are of the opinion that the pecuniary loss was sufficiently averred in the declaration and the verdict sustained by the evidence.

The plaintiff went as far as he could go without entering the field of wildest speculation in establishing the pecuniary value of the deceased child's life. Manifestly, in the case of a child, a little more than three years of age, it would be impossible to establish what his earning capacity in the future might be, what his expectancy in life was, since a child three years of age is so young that his expectancy in life is not included in the Mortality Tables, or any other facts that would shed any light on the pecuniary value of his life in the ordinary sense of the word.

(e) The action for a wrongful death lies whether the death is instantaneous and simultaneous with the injuries, or occurs after an interval. Nashville & C. Railroad v. Prince, 2 Heisk., 585-587; Fowlkes v. Railroad, 9 Heisk., 829, 830-833; Collins v. Railroad, 9 Heisk., 841, 844, 850, 852; Louisville & N. Railroad v. Conner, 2

128

Baxt., 382, 388, 389; Trafford v. Express Co., 8 Lea, 105-108; Davidson Benedict Co. v. Severson, supra.

All of the assignments of errors being overruled it results that the judgment of the lower court must be affirmed. A judgment will be entered in this court in favor of the administrator and against the defendant, Walkup, for the sum of $7,500 with interest from October 25, 1932, making a total of $7,996.25. There was no assignment as to the excessiveness of the verdict. The cost of the cause including the cost of the appeal is adjudged against the defendant Walkup and the surety on his appeal bond.

Faw, P. J., and DeWitt, J., concur.