## DIXIE GREYHOUND LINES, Inc. v. WOODALL.

### No. 11246.

United States Court of Appeals,
Sixth Circuit.

April 13, 1951.

Moss & Benton, Jackson, Tenn., Longstreet Heiskell, Memphis, Tenn., for appellant.

J. L. Harrington, Jackson, Tenn., for appellee.

Before SIMONS, McALLISTER and MILLER, Circuit Judges.

PER CURIAM.

This appeal was heard on the record, briefs, and argument of counsel for the respective parties;

And the Court being of the opinion that the Trial Judge correctly charged the jury with respect to the assessment of damages in the event its verdict was in favor of the appellee; and that in determining the pecuniary value of the life of the deceased it was only necessary for the appellee to show by his evidence such facts and data as would furnish a basis from which the jury might approximate the proper amount of damages with reasonable certainty, which burden was met by the appellee, Davidson Benedict Co. v. Severson, 109 Tenn. 572, 72 S.W. 967; Walkup v. Covington, 18 Tenn.App. 117, 73 S.W.2d 718;

And being further of the opinion that the verdict in the sum of $20,000 was not excessive as a matter of law, taking into consideration the deceased's age of six years, his normal health, and life expectancy of 58.92 years, the present value of the dollar, and verdicts in similar causes heretofore approved by rulings of the Tennessee Courts, Potts v. Leigh, 15 Tenn.App. 1; Walkup v. Covington, supra;

And there appearing no abuse of discretion on the part of the Trial Judge in overruling appellant's motion for a new trial on the ground that the verdict was excessive;

Detroit Taxicab & Transfer Co., v. Pratt, 6 Cir., 2 F.2d 193; Spero-Nelson v. Brown, 6 Cir., 175 F.2d 86, 89; Scott v. Baltimore & Ohio Ry. Co., 3 Cir., 151 F.2d 61, 64–65;

And the record failing to show the closing argument of appellee's counsel, to which no objection was taken at the time, and the Court being of the opinion from the evidence shown by the record that said verdict was not the result of passion or prejudice;

It Is Ordered that the judgment of the District Court be affirmed.