| JERRY ALLEN ESTIS and SHEILA MARIE ESTIS, | ) |
| | ) |
| Plaintiffs/Appellees, | ) |
| | ) |
| VS. | ) |
| | ) |
| WILLIAM CARROLL KELLEY and PHILLIP WAYNE KELLEY, | ) |
| | ) |
| Defendants/Appellants, | ) |

Maury Circuit
No. 1759

Appeal No.
01-A-01-9709-CV-00513

FILED

December 30, 1997

Cecil W. Crowson
Appellate Court Clerk

IN THE COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE


APPEAL FROM MAURY COUNTY CIRCUIT COURT
AT COLUMBIA, TENNESSEE


HONORABLE ROBERT L. JONES, JUDGE



Barbara J. Walker, #007093
P.O. Box 1574
Columbia, TN 38402-1574
ATTORNEY FOR PLAINTIFFS/APPELLEES


William Carroll Kelley
TDOC #97104
SCCF/DB-230
P.O. Box 279
Clifton, TN 38425-0279
 PRO SE FOR DEFENDANTS/APPELLANTS



AFFIRMED AND REMANDED.



HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION




CONCUR:

BEN H. CANTRELL, JUDGE
SAMUEL L. LEWIS, JUDGE

| JERRY ALLEN ESTIS and SHEILA | ) | |
|---|---|---|
| MARIE ESTIS, | ) | |
| | ) | |
| Plaintiffs/Appellees, | ) | |
| | ) | **Maury Circuit** |
| VS. | ) | **No. 1759** |
| | ) | |
| WILLIAM CARROLL KELLEY | ) | |
| and PHILLIP WAYNE KELLEY, | ) | **Appeal No.** |
| | ) | **01-A-01-9709-CV-00513** |
| Defendants/Appellants, | ) | |

# **O P I N I O N**

On June 22, 1983, this suit was filed on behalf of Jerry Allen Estis and Shelia Marie Estis, minor children, for the wrongful death of their parents at the hands of William Carroll Kelley and Phillip Wayne Kelley on June 23, 1982.

On July 6, 1983, appellant, acting without counsel filed a pleading containing the following caption, dual titles and initial text;

> William Carroll Kelley, Pro-Se
> Defendant
>
> VS.                                    Case No. 1759
>
> Jerry Allen Estis,
> Shelia Marie Estis,
> Lois Collins
> Jerry Allen Estis
> Diane Collins Estis
> of Maury County, Tennessee
> Columbia, Tennessee
>        Plaintiff(s)
>
> MOTION TO DISMISS CIVIL ACTION NUMBER 1759
>
> Answer of Defendant Kelley
>
> Come the defendant William Carroll Kelley, and for his answer to the complaint filed herein states:
>
> First Defense
>
> That the complaint filed herein fails to state a claim against defendant Kelley, upon which any form of relief can be granted.

<u>Second Defense</u>

1.      Defendant admits that he was allegelly (sic) charged and convicted for the offense of murder in the first degree of Gary Allen Estis and Diane Collins Estis, the alleged deceased in the complaint on June 23, 1982.

2.      That defendant has no control over the brining (sic) up of the deceased childrens, as he is have a family and have the same problems as the plaintiff(s) in this action, and have no one to support nor bring his childrens up, and to grant said complaint to the plaintiff would be an unjust as defendant have no means of money's to support his family and therefore constitute double jeopardy to try and put twise (sic) against defendant any action other than what the tring (sic) court have placed upon the defendant, and defendant ask that the suit be dismissed as he cannot affordecthe (sic) cost nor the funds that the plaintiff(s) are now seeking.

3.      That the defendant ask that the civil action be dismissed against him as he feel that the life sentence by the court is purnishment (sic) for the alleged offense that he was accused and convicted of.

The remainder of the document is immaterial to the merits of this appeal.

On July 19, 1983, an answer was filed for appellant by a licensed attorney wherein appellant admits his conviction of first degree murder for the killing of plaintiffs' parents, but denies civil liability for their death.

On July 7, 1997, said defendant, acting without counsel, filed a pro-se answer in which he denied guilt for the killing.

On July 7, 1997, the Trial Court entered a non jury judgment deciding fault 100% against both defendants, awarding judgment in favor of both plaintiffs for $125,000 compensatory and $250,000 punitive damages.

Said William Carroll Kelley filed notice of appeal and has presented the following issues for review:

I.      Whether the Circuit Court for Maury County, Tennessee, erred by and through the failure to dismiss Plaintiff's "Complaint for Wrongful Death" when the

Plaintiff's failed to issue process of the June 22, 1983, Summons and Complaint until on or around June 27, 1997, thus in violation of Defendant's/Appellant's due process rights under the Fifth Amendment to the Constitution of the United States, and Article 1 § 9 of the Tennessee Constitution.

II.     Whether the Circuit Court for Maury County, Tennessee, erred by and through the failure to dismiss Plaintiff's "Complaint for Wrongful Death" when the Summons used to establish issuance or service of the attached complaint was not signed by the clerk of the court as required by Rule 4.02 of the Rules of Civil Procedure; T.C.A. §§ 20-2-103, and 26-2-114, and Article 6 § 12 of the Tennessee Constitution.

III.    Whether the Circuit Court for Maury County, Tennessee, erred by and through the failure to dismiss Plaintiff's "Complaint for Wrongful Death" when the Plaintiff's failed to timely prosecute, thus in violation of Rule 41.02 of the Tennessee Court Rules Annotated.

IV.     Whether the Circuit Court for Maury County, Tennessee, erred by and through the failure to address and or rule on the Appellant's Motion to Dismiss Complaint for Wrongful Death, attached to his Answer.


FIRST TWO ISSUES

Failure to Issue Process


On December 2, 1997, appellant filed his reply brief in which he states:

The Appellant would respectfully aver that due to the amount of time having passed since receiving the Summons and Complaint through the United States Mail in 1983, and a lapse in memory, he has incorrectly stated a fact. Appellant would hereby advise this Honorable Court that the Appellee is correct. That appellant did receive both, therefore, withdraws that particular argument.

Appellant, however, would argue that the Appellee has stated that Appellant was served in person and that the Summons was read to him in person. This is false. Appellant received the Summons and Complaint in the Mail.


Attached to said reply brief is a copy of the summons which bears the signature of the Clerk, both on the face of the summons and under the teste on its reverse. Evidently, appellant has waived his first two issues.

Although not stated as an issue, appellant argues that he was not personally served as stated in the return of the summons, but was served by mail. The record does not indicate that this complaint was timely presented to the Trial Court. It is therefore not available on appeal. *Lawrence v. Stanford*, Tenn. 1983, 655 S.W.2d 927; *Harrison v. Schrader*, Tenn. 1978, 569 Soit 822.

Moreover, the question of manner of service is waived by the filing of a general answer without reservation of the manner of service. *N.C. & St.L. Ry Co. v. Williamson*, 137 Tenn. 153, 192 S.W. 385 (1917; *Blue Grass Canning Co. v. Wardman*, 103 Tenn. 179, 525 S.W. 137 (1899); *Walkup v. Covington*, 18 Tenn. App. 117, 73 S.W.2d 718 (1934).

In the present case, appellant admits that he had adequate notice of the suit against him and that he made general responses thereto, both by counsel and pro se.

No merit is found in the complaint as to manner of service.

THIRD ISSUE

Failure to Prosecute

Appellant cites T.R.C.P. Rule 41.02 which reads in pertinent part as follows:
TRCP 41.02(1)

> **Involuntary Dismissal - Effect Thereof.** - (a) For failure of plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.

Appellant complains of the 14 years delay in disposing of the suit.

Appellees respond that the trial was delayed by their minority. Nevertheless, Rule 41.02 does not mandate a dismissal for failure to press for a trial. The dismissal for failure to

prosecute lies within the discretion of the Trial Judge. *White v. College Motors*, 212 Tenn. 384, 370 S.W.2d 476 (1963).

Moreover, this record does not reflect that this issue was presented to the Trial Judge. It is therefore not available on appeal. See authorities cited above.

### FOURTH ISSUE

#### Failure to Rule on Motion

The motion to dismiss on the merits has been carefully examined, and nothing is found therein to justify a modification or reversal of the judgment of the Trial Court which is affirmed at the cost of appellant. The cause is remanded to the Trial Court for collection of its costs.

### AFFIRMED AND REMANDED

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

_____
BEN H. CANTRELL, JUDGE

_____
SAMUEL L. LEWIS, JUDGE