INDUSTRIAL LIFE & HEALTH INS. CO. *v.* TRINKLE.

(*Knoxville,* September Term, 1947.)

Opinion filed December 13, 1947.

GUINN & MITCHELL, of Johnson City, for plaintiff in error.

STACY GRAYSON, of Bristol, for defendant in error.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

This case was decided by the Court of Appeals adversely to the contention of the petitioner Insurance Company, judgment being entered in favor of Mrs. Trinkle in the sum of $150. It was a suit on an industrial policy, which required no medical examination. *Certiorari* was denied on October 3, 1947. No memorandum opinion was filed by this Court because the conclusions reached by the Court of Appeals were thought to be correct.

The Insurance Company has asked for a rehearing on the ground that in denying *certiorari* and *supersedeas*, and in affirming the opinion of the Court of Appeals, we thereby "overruled a long line of cases in the State of Tennessee governing contracts of insurance," especially *DeFord* v. *National Life & Accident Ins. Co.*, 182 Tenn. 255, 185 S. W. (2d) 617. This is a mistaken view. Petitioner seems to be under the impression that the *DeFord Case* announces a new doctrine which in effect overrules all the cases in this State involving the questions of waiver.

The Court of Appeals correctly pointed out that *Life & Causualty Ins. Co.* v. *King*, 137 Tenn. 685, 195 S. W. 585, 589; *Independent Order of Foresters* v. *Cunningham*, 127 Tenn. 521, 156 S. W. 192, 194, 5 A. L. R. 1569, and

other cases on the same subject have not been overruled or modified. In the latter case it was expressly held that "forfeitures (of life insurance policies) are not favored, and will not be enforced against equity and good conscience." Furthermore, that an agent acting within the general scope of his apparent authority, though exceeding his authority, binds his principal. This is still the law.

In *DeFord* v. *Insurance Co., supra,* it was sought to overcome the well-settled doctrine of waiver by the plea that the agents of the company were acting beyond the scope of their authority in delivering the policy and that the insured knew that said agents would not impart to their principal material facts which might otherwise void it. A similar plea was made and overruled in the instant case and sustained by the Court of Appeals.

■ It appears from the testimony in the record that when the policy was issued to Mrs. Ina Kate Trinkle upon the life of her infant child the agents knew that the child was prematurely born and that it was at that time in the hospital. One of the agents, Harmon, paid the first premium of 50 cents. There is no evidence of collusion between the insured and these agents. All that is shown is that Mrs. Trinkle merely accepted the policy. The Court of Appeals held that this knowledge of the agents was imputable to their principal and constituted a waiver of the policy conditions as to "good health," etc., as well as a further condition that policy provisions could not be waived except by and with the consent of the president of the company. This holding by the Court is correct.

The principle to which we gave our approval in the *DeFord Case* is grounded upon actual fraud between the insured and the agent of the company which results in the

issuance of a policy of insurance that would not have been written and delivered had the true facts been disclosed. The Court cited and expressly approved the following governing rule as found in 2 American Jurisprudence p. 291: " . . . Moreover, as the rule is intended to protect those who exercise good faith, and not as a shield for unfair dealing or to enable third persons to use the agent to further their own frauds upon the principal, it will not apply in favor of one acquainted with circumstances plainly indicating that the agent would not advise his principal, as where the agent is known to be acting adversely to the principal, or where the third person seeking to charge the principal is in collusion with the agent."

The petitioner invokes the foregoing principle in support of its contention that its agents were acting in collusion with the insured to the manifest injury to the company. This plea was sustained in the *DeFord Case* upon the following express finding of fact by the Court [182 Tenn. 255, 185 S. W. (2d) 620]: " . . . And it is equally clear from the testimony of Mrs. DeFord herself, which we have set out, that the applicant and his wife-beneficiary were fully 'acquainted with circumstances *plainly indicating' that this agent would not advise his principal of the facts."* (Italics ours.)

We think the holding in *DeFord* v. *Insurance Co., supra,* should be confined to its own facts. While it is sound in principle, for reasons stated in the opinion and upon the authorities cited, it should not be considered as stating an inflexible rule by which all future decisions of this Court are to be controlled. Whether or not the plea of waiver in a given case is good, as under the authorities cited, or is not available as held in the *DeFord Case,* must

necessarily depend upon the facts and circumstances of each case under consideration.

There is nothing in the instant case to indicate that the parents of this child had any thought whatever that the agents, Peters and Harmon, would conceal anything from their principal. The parents were guilty of no fraud. There is no evidence that these humble and ignorant people believed that the said agents were acting in bad faith or contrary to and beyond the apparent scope of their authority.

The petition to rehear is denied.

All concur.