SIMPKINS v. MANNERS et al. (two cases).—
236 S. W. (2d) 984.

Middle Section.   November 3, 1950.

Petition for Certiorari denied by Supreme Court, January 13, 1951.

Walker & Hooker, of Nashville, for complainant.

Payne & Olschner, of Nashville, for defendants.

HOWELL, J.   These two cases grew out of an automobile collision on Saunders Avenue in Nashville, between two cars, one driven by the plaintiff, Clara D. Simpkins, wife of the plaintiff A. W. Simpkins and other driven by the defendant Robert L. Manners and belonging to defendants O. O. Manners and Ruby Manners.

The pleas were not guilty.

The cases were heard by the Circuit Judge and a jury and resulted in a verdict for Clara D. Simpkins for the sum of $5,500 and a verdict in favor of A. W. Simpkins for the sum of $1,000, both against the defendants Robert L. Manners, O. O. Manners, and Ruby Manners.

The defendants have by proper procedure perfected appeals to this Court and have assigned errors.   The

cases were consolidated and tried together in the Circuit Court and in this Court.

It is insisted for the defendants that there is no evidence upon which the verdicts could be based, that the contributory negligence of the plaintiff Clara D. Simpkins bars a recovery and that the trial Judge should have granted the motion of defendants for peremptory instruction in their favor.

These assignments necessitate a review of the evidence.

The plaintiff Clara D. Simpkins testified that on the day of the accident she was driving her automobile North on Saunders Avenue, a twenty-one foot wide paved street, with two of her children in the car with her and that she was traveling about twenty-five to thirty miles per hour and on her proper side of the street, when she saw the automobile driven by the defendant Robert L. Manners approaching from the opposite direction and noticed that the defendants' car was on her right side of the road, and therefore on his wrong side, and that when close to the defendants' car she tried to avoid hitting it by pulling to her left. She remembered nothing after the impact of the cars and was carried to a hospital where she remained several days. There was other evidence as to the location of the cars and photographs of the front ends of both cars were exhibited. The testimony of the defendant Robert L. Manners directly contradicted that of the plaintiff as to the location of the cars just previous to the collision. There were no other eyewitnesses to the accident.

There was material substantial evidence therefore upon which the jury could find the question of fact in favor of the plaintiff and the law is well settled that

in such cases, where the verdict of the jury is approved by the Trial Judge, it will not be disturbed by this Court. We do not consider that citations of authority for this statement of the law are necessary. The question of the contributory negligence of the plaintiff in this case is also a question for the jury.

■ It is also insisted for the defendants that the trial Judge erred in refusing to charge a special request of the defendants setting out one of their theories as to how the accident happened.

We have carefully examined the charge and find it full and fair.

The trial Judge in the charge did not undertake to charge the theories of either the plaintiffs or the defendants.

In the case of St. Louis, I. M. & S. Railroad v. Hatch, 116 Tenn. 580, 94 S. W. 671, 674, Chief Justice Beard said: "But it is said on the part of the Pullman Company, that the trial Judge was in error in declining to give certain special requests that were submitted by its counsel. These requests embraced the theory of that company upon certain proven facts with the propositions of law which it sought to have applied to that theory. Granting that they were entirely sound, yet we think that the trial Judge cannot be put in error for declining to give these, inasmuch as he did not undertake to state the theory of either party to the lawsuit, but laid down, in general terms, and with unusual clearness, sound propositions of law which would guide the jury in reaching a correct solution of the case, as they might adopt the theory of facts of the plaintiffs or of the defendants."

In the case of Union Transfer Co. v. Finch, 16 Tenn. App. 293, 64 S. W. (2d) 222, 225, this Court said: "It

is insisted that this request contained the defendant's theory which had not been charged. It is true that the court should charge the theory of the defendant, when requested, if he had already charged the plaintiff's theory, but the court did not charge the plaintiff's theory, hence it did not err in refusing to charge defendant's theory. St. Louis, I. M. & S. Railroad v. Hatch, 116 Tenn, 580, 94 S. W. 671.''

■ It is also insisted that the trial Judge erred in not granting a special request of the defendant dealing with contributory negligence. The charge in this respect is full and complete and the matter contained in the request is covered by the charge.

■ It is insisted that the trial Judge erred in not sustaining defendants' objection to the argument of counsel for the plaintiff before the jury in which he wrote certain figures on a blackboard in attempting to show the damages sustained by the plaintiffs. We find that the evidence warranted this argument to the jury. The suit of Mrs. Simpkins was for $10,000 and the figures counsel wrote down during his argument totaled $6,500. The jury verdict approved by the trial Judge was $5,500. We do not think this argument of counsel constituted reversible error. See Rice-Stix D. G. Co. v. Self, 20 Tenn. App. 498, 101 S. W. (2d) 132.

The verdicts of the jury are not excessive for the injuries sustained and necessary expenses and for the damage to plaintiffs' car. The amount are amply justified by the evidence.

The defendants have had a fair and impartial trial and the jury has found against them and the verdicts are sustained by the evidence.

A judgment will be entered here in favor of plaintiff Clara D. Simpkins and against the defendants for $5,500 and interest from February 24, 1950, and in favor of A. W. Simpkins and against the defendants for $1,000 and interest from February 24, 1950, and the costs of the cases.

Affirmed.

Hickerson, J., and Kizer, Special Judge, concur.