## BERRYHILL v. MUTUAL BEN. HEALTH & ACCIDENT ASS'N, OMAHA, NEB. (two cases).—262 S. W. (2d) 878.

Middle Section. June 26, 1953.

Petition for Certiorari denied by Supreme Court, October 9, 1953.

Rehearing denied by Supreme Court, December 11, 1953.

Joe R. Hickerson and Joe S. Bean, both of Winchester, for plaintiff.

John F. Green and L. F. Stewart, both of Winchester, for defendant.

HOWELL, J.   These two suits by Ross Curtis Berry-hill against Mutual Benefit Health and Accident Association were filed in the Court of a Justice of the Peace of Franklin County, Tennessee, were appealed to the Circuit Court and there tried together before the Court and a jury.   One of the suits was upon a sick and accident policy and the other upon a hospital and medical benefit policy issued by the defendant to the plaintiff.   The suits claimed that plaintiff was entitled to benefits under the provisions of these policies.

Pleas were filed by the defendant denying liability and upon the trial together before the Court and a jury in the Circuit Court, judgments were rendered against the defendant for $500 on the sick and accident policy, which was reduced by the trial Judge to $499, and for $300 on the hospital and medical benefit policy, which was reduced by the trial Judge to $82.   The plaintiff accepted both remittiturs and the defendant by proper procedure has appealed in error to this Court and has assigned errors.

It is insisted for the defendant that there is no evidence to support the verdict of the jury, that the verdict is against the weight of the evidence, that the trial Court

erred in failing to direct a verdict for the defendant upon the motions made at the close of plaintiff's proof and at the close of all the proof.

The trial Judge submitted the questions of fact involved to the jury in a fair, accurate and complete charge and we find that there was ample evidence to support the findings of the jury. We will not detail that evidence here. The findings of the jury were approved by the trial Judge and are binding upon this Court. There was conflicting evidence and the jury accredited the plaintiff's proof. The credibility of witnesses is for the jury. See Morgan v. Tennessee Central Ry. Co., 31 Tenn. App. 409, 216 S. W. (2d) 32; Prudential Ins. Co. of America v. Gang, 184 Tenn. 188, 197 S. W. (2d) 806.

The trial Court fairly submitted to the jury the question as to whether or not material misrepresentation were made by the plaintiff in his application for the policies as to the then and prior condition of his health and these issues were resolved by the jury in favor of the plaintiff.

It is insisted for the defendant that the trial Court erred in not granting its motion for a directed verdict in its favor, because the insured made misrepresentations in his application for the policies sufficient to void them. As stated the jury found that no misrepresentation had been made.

Much has been written by this Court and the Supreme Court upon this subject. See the cases of Industrial Life & Health Ins. Company v. Trinkle, 185 Tenn. 434, 206 S. W. (2d) 414; DeFord v. National Life & Accident Insurance Company, 182 Tenn. 255, 185 S. W. (2d) 617; Beasley v. Metropolitan Life Insurance Company, 190 Tenn. 227, 229 S. W. (2d) 146. See also the unreported opinion of Felts, Judge, in the case of National Life and Accident Insurance Company v. Blackburn, filed March

26, 1949, certiorari granted by Supreme Court and affirmed by a majority opinion.

In the case of National Life and Accident Insurance Company v. Blackburn, supra, Felts, Judge, said:

"The insured and plaintiff had told the agents of defendant all they knew about his condition, his past ailments, and treatments by the local doctor; and they had no reason to suppose that the agents had not given their principal every fact material for it to know; nor had they any ground to suppose that any such matters as were material had not been properly recorded in the application.

"In these circumstances we think there was no duty upon the insured to search among the numerous provisions of the policy and the application and try to discover whether the latter contained any material misrepresentations. As a matter of fact, no layman would be equal to such a task. No one could know what constituted a material misrepresentation unless he was thoroughly familiar with the numerous decisions and discussions in textbooks dealing with that question. Courts in most jurisdictions take judicial notice of the fact that it is customary for insureds to accept policies and keep them without reading them. Vance on Insurance, 2d Ed., 214-224, and numerous cases there cited.

"The principle of the Trinkle case, supra, and prior cases, is that in the absence of fraud the knowledge of the agent is imputed to the insurer and where the insurer issues and delivers a policy with knowledge of matters which, if insisted on, would invalidate the policy in its inception, the insurer is held to have waived such matters and is estopped to rely upon them to forfeit or avoid the policy.

"After waiving such matters and being estopped to rely on them, how can the insurer say the insured owes it a duty to explore the policy and the application to discover such matters and to disclose them to it? How can it say the insured still owes it a duty to inform it again of matters which in the eye of the law it already knows and has waived? It seems to us that to hold that there is such a duty would be to throw out the whole of the law of waiver and estoppel in life insurance.

"It is true there are many cases containing dicta to the effect that there is such a duty on the insured. But generally they are cases where the insured was guilty of actual fraud and where there was no waiver or estoppel operative against the insurer. See De-Ford v. Nat. L. & A. Ins. Co., supra; Norvill v. Mutual Benefit, etc., Ass'n, 14 Tenn App. 39, 403; Vance on Insurance, 2d Ed., 222-23."

In this case it appears that the insured had had some physical troubles which had cleared up and the agent said they would not prevent the issuance of the policies. The agent wrote wrong answers in the application without the knowledge of the insured and the policies were issued. The insured told the truth and there was no fraud and no collusion between the agent and the insured. There was conflicting evidence and the jury found for the insured.

It is insisted that the verdict of the jury on the sick and accident policy was erroneous because it was in excess of the amount for which suit was brought. The plaintiff sued in the Justice of the Peace Court for under $500 and the jury reported a verdict for $500. This was corrected by the trial Judge and a judgment entered for $499. This corrected the error. See the old case of Crabb's Executors v. Nashville Bank, 14 Tenn. 332.

We find no error in the action of the trial Judge upon a special request. Under the facts of this case as found by the jury there were no misrepresentations made by the insured and the refusal of the trial Judge to charge the request was not reversible error.

Finding no reversible errors, the assignments of error are overruled and the judgment of the Circuit Court is affirmed.

Judgment will be entered here for $499 upon the sick and accident policy and for $82 on the hospital and medical benefit policy, each to bear interest from February 12, 1953, and for the costs of the cases.

Affirmed.

Felts, J., concurs.

Hickerson, J., not participating.