**BIGLEBEN et al. v. STEVENS.**

No. 12512.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 12, 1953.

Rehearing Denied Dec. 9, 1953.

Patrick J. Horkin, Jr., Jerry D'Unger, Joe J. Alsup, Linton S. Savage, John Young, Corpus Christi, for appellants.

Luther E. Jones, Jr., Joe P. Hatchitt, Corpus Christi, Jerome S. Hafter, Greenville, Miss., for appellee.

NORVELL, Justice.

This is a suit to determine heirship. An application for the probate of an alleged holographic will was consolidated with such suit for the purpose of trial. The case was appealed from the county court to the district court, where it was tried to a jury and judgment rendered denying probate of the alleged will of the deceased, Marion Fisher Bigleben, and decreeing that the appellee, Velda Fisher Stevens, as the adopted daughter of Marion Fisher Bigleben, was her sole heir at law. There are two groups of appellants, namely, John M. Bigleben, who claims to be the surviving husband of Marion Fisher Bigleben and is the proponent of the disputed will, and Eugene Coleman, Joe Coleman, Henry Coleman, Kittie Holman (sometimes referred to in the transcript as Kitty Holeman or Kitty Coleman) and Rosalie Sanders, who claim to be cousins of the deceased. This latter group is referred to as the Coleman appellants.

The appellee filed a motion herein to dismiss the appeal of the Coleman appellants on the ground that the amended motion for new trial filed by them was not presented within the time prescribed by Rule 330(j) of the Texas Rules of Civil Procedure, and hence was overruled by operation of law thirty days after June 25, 1952, the date upon which the motion was filed. It is asserted that the sixty-day period of Rule 386, commenced to run on July 25th and expired on September 23rd, and that the transcript not having been filed until October 6th, was filed too late.

This motion was overruled by us and the case submitted and argued in regular order. We have again considered the motion to dismiss and adhere to our original decision upon the matter. Our former memorandum opinion, filed on November 5, 1952, is, however, withdrawn and we will herein set forth our reasons for overruling the motion.

The pertinent portion of Rule 330(j) reads as follows:

"All motions and amended motions for new trials must be presented within thirty (30) days after the original motion or amended motion is filed and must be determined within not exceeding forty-five (45) days after the original or amended motion is filed, unless by written agreement of the parties in the case, the decision of the motion is postponed to a later date."

The transcript discloses that judgment was rendered on May 30, 1952. Within ten days thereafter, on June 7th, the Coleman appellants and the appellant John M. Bigleben both filed original motions for new trial. Amended motions were filed on June 25th, within twenty days after the original motions were filed. On August 8th, within forty-five days after the amended motions were filed, both were overruled by the court. Within sixty days thereafter, on October 6th, the transcript was filed in this Court.

No attack is made upon the appeal by Bigleben. This may be accounted for by the difference in the form of orders employed in overruling the motions involved. The Bigleben order follows:

"This the 8th day of August, 1952, came on to be heard the amended mo-

tion of John M. Bigleben for a new trial in the above entitled and numbered .cause, and the original motion for new trial having been filed within the time required by law, and the court having granted leave of John M. Bigleben to file such amended motion for new trial, and such motion having been presented to the court in due time, manner and form, and with due notice, and it appearing to the court that such motion should be overruled, it is accordingly

"Ordered, adjudged and decreed that the same be and it is hereby overruled; * * *."

The Coleman order was somewhat shorter, and is as follows:

"Be it remembered, on this, the 8th day of August, 1952, came on in the above numbered and entitled matter, plaintiffs' Eugene Coleman, Joe Coleman, Henry Coleman, Kitty Holeman and Rosalie Sanders, amended motion for new trial, and the Court having heard said motion and duly considered the same, is of the opinion that same should be in all things overruled;

"It is therefore, ordered, adjudged and decreed by the Court that said motion be and the same is hereby in all things overruled, * * *."

■ The Bigleben order expressly recites that the motion was "presented to the court in due time, matter and form," and we think that such presentation is implicit in the shorter Coleman order. In the absence of a recitation in the order or judgment to the contrary, it must be presumed that the motion upon which the court acted was duly presented and hence possessed of vitality and force when acted upon. "The presumption is that the court which rendered the judgment did his duty. This implies, of course, that the court * * * acted within the limits of its authority and that the judgment itself is correct and valid." 25 Tex.Jur. 831, Judgments, § 319.

■ We need not discuss certain affidavits filed herein relating to the matter of "presentation" other than to say that the purport thereof is not entirely clear and, in any event, this Court would be extremely hesitant to dismiss an appeal properly supported by orders duly entered in the court below (and not attacked in that court by bill of exception or otherwise) solely upon the strength of ex parte affidavits. De Leon v. Texas Employers Ins. Ass'n, Tex.Civ.App., 159 S.W.2d 574. See, also, Williams v. Pitts, Chief Justice, Tex.Sup., 251 S.W.2d 148, in which it seems to have been recognized that a correction of an order of the trial court would have to be effected by proper order in the trial court (a nunc pro tunc order in this instance), rather than by an affidavit filed in the appellate court.

We regard the present case as being clearly distinguishable from Magnolia Petroleum Co. v. Klingeman, Tex.Civ.App., 242 S.W.2d 950, wherein it affirmatively appeared from the transcript that the judgment was rendered on May 2, 1951; that the original motion was filed on April 30, 1951, and hence was effective as of the date of judgment, Rule 306c; that the amended motion was not filed within twenty days of May 2, 1951, as required by Rule 330(k), but not until June 22, 1951 (leave to file this amendment was not formally granted until June 26, 1951); that the order purporting to overrule the amended motion for new trial was not rendered until June 26, 1951, which was long after forty-five days from the filing of the original motion for new trial (which had not been properly amended and was hence the only motion which ever possessed vitality) had expired.

The case is submitted on the merits by a record consisting of 185 pages of transcript and 2,417 pages of statement of facts. To follow all the ramifications of the testimony would serve no useful purpose and this opinion can best be confined within due bounds by considering the case from the controlling findings made by the jury, upon which a decree favorable to the appellee is based.

As to appellee's claim that she is an adopted daughter of Marion F. Bigleben, the jury found: (a) That there was an agreement between Marion F. Bigleben and Velda Fisher Stevens' natural mother, "whereby Marion F. Bigleben agreed she would adopt Velda Fisher Stevens and make her her adopted daughter"; (b) that Marion F. Bigleben, pursuant to such agreement, reared and cared for Velda Fisher Stevens as her own child; and (c) that "Velda Fisher Stevens rendered to Marion F. Bigleben the affections and duties of a child just as if she had been born to the said Marion F. Bigleben."

■ As to the alleged holographic will submitted for probate by Bigleben, the jury found that such instrument had been mutilated and was not entirely in the handwriting of Marion F. Bigleben. These findings have support in the evidence and the trial court was clearly correct in refusing to admit the will to probate. This feature of the case need not be further noticed.

Similarly, under the jury's findings, Bigleben's claim to be the husband of Marion F. Bigleben must be rejected. Simpson v. Neely, Tex.Civ.App., 221 S. W.2d 303, wr. ref.; 28 Tex.Jur. 731, Marriage, § 33.

We further regard the objections raised by appellant Bigleben to the jurisdiction of the court below as being answered by the opinion rendered in the case of In re Greathouse's Estate, Tex.Civ.App., 184 S. W.2d 317. Other and further procedural matters complained of by Bigleben do not disclose a reversible error.

Both Bigleben and the Coleman appellants center their attack upon the jury's finding of an agreement to adopt Velda Fisher Stevens made by Marion F. Bigleben and the mother of the said Velda Fisher Stevens. It is asserted that there is *no* evidence to support this finding.

After a careful examination of the briefs and the references therein contained to the statement of facts, we have concluded that there is some evidence sup-porting the jury's finding that such agreement was made. Each case of this character must of necessity rest upon its own peculiar facts. To our minds the facts of the present case place it in a category essentially different from that of Garcia v. Saenz, Tex.Civ.App., 242 S.W.2d 230, both as to the origin of the relationship and the nature and duration thereof. As to controlling features, the facts disclosed by the record before us are, however, strikingly similar to those recited in the opinion of the Supreme Court in Cavanaugh v. Davis, 149 Tex. 573, 235 S.W.2d 972, so much so, in fact, that it would serve little purpose from the standpoint of the value of this opinion as a precedent to set forth a detailed statement of the facts. In Cavanaugh v. Davis, the Supreme Court held that the evidence set forth and summarized in the opinion was sufficient to support a jury finding either way upon the disputed issue of an adoption agreement.

In the charge of the court to the jury, the term "agreement" was defined as "meaning a manifestation of mutual assent between two persons, who by their words, or conduct, or their course of dealing with each other, show that they have come to a meeting of minds concerning the matter agreed upon." No point is brought forward attacking this definition.

It appears that the deceased, Marion F. Bigleben, was known as Mary Fisher during the early portion of her life. Similarly to the adopted daughter claimant in Cavanaugh v. Davis, Velda Fisher Stevens testified that she had always believed that she was the natural daughter of Mary Fisher. Lou Buckhalter, a witness over 80 years of age, testified that she was about five years older than Mary Fisher and that both had the same father. She stated that some time prior to 1900 Mary was living in Monroe, Louisiana, and that the witness visited her for about a week and cooked for her. According to this witness, a woman unidentified as to name, had given birth to a female child (afterwards known as Velda Fisher) at Mary's place about two days before the witness

arrived; that there was a little house across the road or lane from Mary's larger house, where there was a kitchen and dining room; that Mary "fixed a bed out in that kitchen apartment for Velda's mother and Velda"; that when the mother recovered from the illness of childbirth, she left Monroe and nothing further was heard from her, but that the child remained with Mary and was reared by her. The witness stated that shortly after birth, the child became severely ill and was nursed back to health by the witness, after which Mary came and took the child; that Mary "raised" the child, and "anybody raising a child just loves it." There is evidence that Mary placed Velda in various schools in Greenville and West Point, Mississippi, and in Corpus Christi and Victoria, Texas; that Velda accompanied Mary on trips to New York City and San Francisco. According to appellee, she lived in Mary's home, except when away at school, and was at all times treated as a daughter. Because of such treatment appellee supposed she was Mary's natural daughter. The evidence discloses numerous instances wherein Mary had referred to Velda as her "daughter", "the girl I adopted and raised," and had stated that "Velda was adopted when an infant." The evidence indicates that the apparent mother-daughter relationship between Velda Fisher and Mary Fisher (Marion F. Bigleben) was maintained for a period of about fifty years, and until the latter's death in 1946. In fact, it was shown that although appellee had married, Marion F. Bigleben had been active in Velda's affairs shortly prior to the time of her death.

We hold that under Cavanaugh v. Davis, 149 Tex. 573, 235 S.W.2d 972, the jury's finding of an agreement to adopt is supported by some evidence.

■ Appellants also contend in their brief that the evidence is factually inadequate to support the finding of an agreement between the natural mother of Velda Fisher Stevens and Marion F. Bigleben (Mary Fisher), whereby the latter agreed to adopt the said Velda Fisher Stevens.

The sufficiency of the motion for new trial as a basis for this contention is seriously urged by appellee. The ground stated in the motions relied upon by appellants as supporting their position is extremely general, and while we have decided to consider the point, it should be pointed out that there is a marked distinction between the court's authority to consider the contention of "no evidence," a legal question, and the contentions of "insufficient evidence," and "overwhelming preponderance of the evidence," which raise questions of fact. Fry v. Dixie Motor Coach Corporation, 142 Tex. 589, 180 S.W. 2d 135; In re King's Estate (King v. King), 150 Tex. 662, 244 S.W.2d 660.

■ In Cavanaugh v. Davis, 149 Tex. 573, 235 S.W.2d 972, 978, it is said that, "Before one should be decreed to be the adopted child and heir of another in the absence of compliance with the statute prescribing a simple method of effecting the status, proof of the facts essential to invoke the intervention of equity should be *clear, unequivocal and convincing*."

Appellants contend that the evidence relating to the adoption agreement does not meet the test above set forth. In Sanders v. Harder, 148 Tex. 593, 227 S.W.2d 206, 209, the Supreme Court discussed the language used in equity cases which seemingly call for a higher quality of proof than a preponderance of the evidence. It was said that:

"In certain types of cases courts have frequently pointed out that the facts must be established by clear and convincing evidence. That rule, as said in Carl v. Settegast, Tex.Com. App., 237 S.W. 238, arose at a time when such suits were cognizable only in courts of chancery where matters of fact, as well as of law, were tried by the chancellor. Verdicts of juries in those courts were advisory only. In our blended system the field in which that rule operates is very narrow. In practical effect it is but an admonition to the judge to exercise great caution in weighing the evidence. No doc-

trine is more firmly established than that issues of fact are resolved from a preponderance of the evidence, and special issues requiring a higher degree of proof than a preponderance of the evidence may not be submitted to a jury. Carl v. Settegast, supra; McCormick and Ray on Evidence, Section 30. In ordinary civil cases trial courts and Courts of Civil Appeals may set aside jury verdicts and grant new trials when, in their opinion, those findings, though based upon some evidence, are against the great weight and preponderance of the evidence, but they may not render judgment contrary to such findings. In those cases in which the 'clear and convincing' rule is applicable if, in the opinion of the trial judge, the evidence in support of the verdict does not meet the test of that rule, he may set it aside and order a new trial; but he should not render judgment contrary thereto."

The trial judge did not regard the evidence as being so indefinite and uncertain as to require that the disputed jury finding be set aside and a new trial ordered. As he saw and heard the witnesses, he was obviously in a more advantageous position than we are in passing upon the matter. Wright v. Wright, 50 Tex.Civ.App. 459, 110 S.W. 158. From the record before us, we are of the opinion that the "clear and satisfactory" rule was not transgressed. An agreement between Mary Fisher and the mother of Velda Fisher Stevens reasonably accounts for the mother's being taken to Mary Fisher's home and her subsequent departure without the child. The long continued mother and daughter relationship (in this case over 50 years) likewise tends to corroborate the actual existence of the asserted agreement. This circumstance where both parties to an alleged contract are dead may become highly persuasive.

By cross-point, the appellee asserts that, "The trial court erred in taxing all costs against the estate of Marion F. Bigleben, rather than against the losing parties." This point must be sustained. Article 3696, which is a part of Title 54, Vernon's Ann.Tex.Stats., relating to Estates of Decedents, provides that, "When a party files an application, complaint or opposition in court, and shall fail to sustain the object thereof, all costs occasioned by the filing of the same shall be adjudged against him."

Accordingly, the judgment of the trial court is reformed so as to tax all costs incurred in the courts below against John M. Bigleben and the Coleman appellants, the unsuccessful parties below. As reformed, the judgment rendered below is affirmed, and costs of appeal are likewise taxed against appellants.

Judgment reformed and, as reformed, affirmed.