CHARLES W. SPEIGHT, Commissioner of Highways, Plaintiff-in-Error, v. GEORGE CLARENCE MELTON and wife, EDNA MARIE MELTON, Defendants-in-Error. —447 S.W.2d 367.

Eastern Section. March 11, 1969.

Certiorari Denied by Supreme Court June 2, 1969.

George F. McCanless, Attorney General of Tennessee, L. Harlen Painter, Cleveland, for plaintiff in error.

W. K. Fillauer, Cleveland, for defendants in error.

TAYLOR, J. This is a condemnation suit brought by Honorable Charles W. Speight, Commissioner of Highways of the State of Tennessee, hereinafter referred to as Plaintiff, against George C. Melton and wife, hereinafter referred to as Defendants, in the Circuit Court of Bradley County. Upon the demand of Plaintiff the case was tried to a jury and a verdict of $15,000.00 was returned in favor of Defendants.

The land to be taken consisted of three small tracts or parcels. Parcel No. 1 was to be acquired as a right-of-way. Parcel Nos. 2 and 3 were to be acquired for cut and fill purposes and title to these tracts were to remain in Defendants and to be used by Defendants so long as such use ''does not damage, destroy or weaken the support of said road after it is constructed or interfere with the

drainage or maintenance of same.'' Plaintiff was to have an easement over tracts No. 2 and 3 which was to terminate upon the grading of the easement area to the plane of the highway or at such time as any other construction might eliminate the need for the easement.

Plaintiff has assigned as error the following:

I

The Learned Trial Judge erred in refusing to allow the Petitioner to present evidence to the jury to show that the easement for cut and fill slopes adjacent to the highway project reverts to the landowners upon completion of the project, and therefore should be paid for at less than fee simple value.

II

The verdict of the jury in the amount of $15,000.00 for 1.41 acres taken was excessive.

III

The verdict of the jury was contrary to the weight and preponderance of the evidence.

With respect to Assignment of Error No. I we are of the opinion that the trial judge correctly refused to allow petitioner to present evidence that parcel Nos. 2 and 3 revert to the landowners upon completion of this project. First, the easements across these two parcels do not terminate until the area embraced in these parcels is graded to the plane of the highway or until some other construction is performed which would eliminate the need for the easement. Second, even after the easement is terminated parcel Nos. 2 and 3 are henceforth burdened with the court order providing that Defendants shall do nothing which might damage, destroy or weaken

the support of the adjacent highway. Finally, the order entered by the trial court makes no provision in the adjudicating portion which would have the effect of reverting these tracts to Defendants under any circumstances, said order divesting title of the same out of defendant and vesting it in Plaintiff.

■ With respect to Assignment of Error No. II we are of the opinion that there was material evidence to support the verdict of the jury. One of the Defendants, George Melton, was properly permitted to testify as to the value of the three tracts of land and it was his opinion that they had a value of $15,000.00.

■ It is also true that there was material evidence to support a verdict of a less amount. This presented a question for the jury to decide and the jury apparently took the Defendant's evaluation of their property. It is not for us to weigh the evidence. Schenk v. Gwaltney, 43 Tenn.App. 459, 309 S.W.2d 424; Young v. Spencer, 44 Tenn.App. 83, 312 S.W.2d 479. If there is any material evidence to support a jury verdict, the Court of Appeals is required to uphold the verdict and the judgment thereon. Callahan v. Middleton, 41 Tenn.App. 21, 292 S.W.2d 501. Where supported by material evidence a jury verdict, approved by the trial judge, is conclusive as to the facts. Hime v. Sullivan, 188 Tenn. 605, 221 S.W.2d 893; Simpkins v. Manners, 34 Tenn.App. 244, 236 S.W.2d 984. Where there is conflicting evidence, a jury verdict approved by the trial judge will not be disturbed by the Court of Appeals. Berryhill v. Mutual Benefit, etc., Ass'n, 37 Tenn.App. 303, 262 S.W.2d 787.

■ This court is not required nor permitted to weigh the evidence where there has been a trial by jury. Upon

the authorities above cited we can only determine whether or not there was material evidence to support the verdict of the jury. As above stated, we are of the opinion that there was material evidence to support the verdict of the jury.

For the foregoing reasons we are of the opinion that all of the Assignments of Error should be overruled.

Accordingly, the judgment of the trial court is affirmed and an order will be entered to that effect. The costs are adjudged against Plaintiff.

Matherne and Cooper, JJ., concur.