**Allen Rosco THARP, Plaintiff–Appellee,**

v.

**WOODMEN OF THE WORLD LIFE INSURANCE SOCIETY,**
**Defendant–Appellant.**

Court of Appeals of Tennessee,
Western Section, at Jackson.

Jan. 25, 1989.

Permission to Appeal Denied by
Supreme Court April 3, 1989.

Carthel L. Smith, Jr., Glassman & Jeter, Lexington, for defendant-appellant.

Ricky L. Wood, Parsons, for plaintiff-appellee.

HIGHERS, Judge.

Woodmen of the World Life Insurance Company (Insurance Company), defendant,

appeals a $100,000 judgment to Allen Rosco Tharp, (beneficiary) plaintiff, after a non-jury trial concerning a disputed life insurance policy.

The Insurance Company issued a $100,000 term life insurance policy to James W. Tharp in April of 1984. In July of 1986, Tharp's coverage lapsed sixty days after non-payment of the annual premium. On the morning of November 24, 1986, Tharp went to Thomas Powers, a Lexington, Tennessee, agent for the insurance company, wanting to get his "insurance straightened up." Powers told Tharp that he would have to apply for policy reinstatement with the "home office in Omaha," since the policy had been lapsed for over ninety days.

After filling out an application for reinstatement, Powers gave Tharp a receipt for the premium payment which Tharp tendered with the application. At 6:30 p.m. that evening Tharp died in an automobile wreck involving a gunshot wound. There is evidence that the death was a suicide. Powers learned of Tharp's death on November 26, but did not contact the Insurance Company because he knew that the Insurance Company would have ended review of the application for reinstatement, and because he was waiting for a final death certificate indicating accidental death. Powers and Mrs. Tharp agreed to withhold notice of Tharp's death from the Insurance Company, by continuing payments on Tharp's other policies and by Mrs. Tharp endorsing Tharp's name on an overpayment refund check issued by the Insurance Company.

The Insurance Company received Tharp's application for reinstatement on December 1, 1986. That application was approved, and a letter of approval was issued on February 4, 1987. The Insurance Company received notice of Tharp's death on February 5.

In April 1987, the beneficiary filed an action in the Chancery Court of Henderson County, Tennessee, against the Insurance Company seeking payment of the proceeds under the policy. The Insurance Company answered denying that the policy had been reinstated. After a non-jury trial, the chancellor ruled for Mrs. Tharp in the amount of the policy, $100,000. The Insurance Company has appealed asserting that policies are not reinstated unless and until the application for reinstatement is approved, and thus Tharp was not covered when he died. The Insurance Company also asserts that even if the policy had been reinstated, the terms bar payment of the face amount if the death is by suicide.

■ The first issue we address is whether Tharp's policy was effective when he was given a receipt for payment of the premium i.e., whether there was a contract for insurance at that time. The law is clear in Tennessee that temporary or interim insurance may come into being on premium receipt, *National Life and Accident Insurance Co. v. Carmichael*, 53 Tenn.App. 280, 381 S.W.2d 925, 927 (1964), but this rule is not mandatory. It is permissive, and must be a part of what the parties intended in the contract. The preponderance of the evidence reveals that no temporary or interim insurance was intended by these parties. The receipt given to Tharp made no mention of temporary or interim insurance. The document which Tharp filled out was denominated "Application for Reinstatement." Powers told Tharp that the application would have to be approved by the home office prior to reinstatement. James Day, an assistant manager in the insurance company, testified that while original policies provide temporary insurance from the date of receipt of premium payment, reinstatement applications do not. Although Powers expressed the opinion that there would be no problem with approval, such opinion cannot be construed as providing coverage upon payment of the premium. Powers may have had apparent authority sufficient to bind the insurance company, *Industrial Life & Health Ins. Co. v. Trinkle*, 185 Tenn. 434, 206 S.W.2d 414 (1947), but his assurances of prospective approval did not then constitute present approval, especially in light of all the evidence that there was no temporary coverage.

Based on our *de novo* review of the record with a presumption of correctness

of the finding of the trial judge, under T.R.A.P. 13, we hold that as a matter of fact, there was no coverage on Tharp when he died prior to the approval of his application for reinstatement.

Further, we note that Powers knew that an applicant must be living at the time of reinstatement for it to be effective. Powers' actions after the death of Tharp prior to approval of Tharp's application were obviously and admittedly calculated to conceal Tharp's death from the insurance company until the application had been approved. Powers did so because he knew that the application would not be processed by the company if they were aware of Tharp's death. These actions constituted a fraud upon the insurance company in which Mrs. Tharp participated.

The plaintiff asserts that Powers' knowledge of Tharp's death must be imputed to the insurance company; therefore, the insurance company approved the reinstatement with knowledge of Tharp's death and bound itself to pay the benefits under the policy. *See Industrial Life & Health Ins. Co. v. Trinkle*, 185 Tenn. 434, 206 S.W.2d 414 (1947). It is well settled, however, that this rule is intended to protect those who exercise good faith, and is not applicable where the party advocating the rule was aware of circumstances which plainly indicated that the agent would not advise his principal. *Deford v. National Life and Accident Insurance Co.*, 182 Tenn. 255, 185 S.W.2d 617 (1945). Knowledge is not imputable to the principal where the one who seeks to charge the principal is acting in collusion with agent. *Mutual Life Insurance Co. of New York v. Templeton*, 50 Tenn.App. 615, 362 S.W.2d 938, 945 (1962).

*Deford* does not require the person seeking to charge the principal to act with intent that the agent defraud the principal, only with knowledge that information is being withheld by the agent from the principal. *See Deford*, 185 S.W.2d at 620; *Trinkle*, 206 S.W.2d at 415–16. We, therefore, hold that as a matter of law, no insurance coverage ever existed due to Mrs. Tharp's knowing participation in Powers' fraud in withholding information of Tharp's death from the company. *See also Lester v. Sovereign Camp, W.O.W.*, 172 Tenn. 171, 110 S.W.2d 471 (1937).

For the foregoing reasons, this case is reversed and dismissed. Costs are taxed to the appellee.

TOMLIN, P.J., and CRAWFORD, J., concur.